Michael F. Ram, SBN #104805
Email: mram@rocklawcal.com
Susan Brown, SBN #287986
Email: sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee, *Pro Hac Vice Pending*
Email: amcentee@terrllmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Non-Party Cory Horton*

FILED
2016 MAR 18 A 11: 48
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMBERG LAW LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>TAMMY HUSSIN, LAW OFFICE OF TAMMY HUSSIN P.C. d/b/a HUSSIN LAW,<br><br>            Defendants. | CV 16 80066 MISC.<br>NO.<br><br>**NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER** |

## I. INTRODUCTION

Non-Party Cory Horton ("Horton") moves under Rule 45(c)[1] to quash the subpoena and requests that the Court enter a protective order pursuant to Rule 26(c) prohibiting any future

---

[1] All references to "Rule X" refer to the Federal Rules of Civil Procedure unless otherwise noted.

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 1
CASE NO. 3:15-CV-06314-YGR

efforts by Plaintiff Lemberg Law, LLC ("Lemberg Law") to subpoena him in the matter of *Lemberg Law LLC v. Tammy Hussin et. al*, No. 3:15-CV-00737-MPS (D. Conn.). The subpoena issued to him by Lemberg Law LLC ("Lemberg Law") (a) requests production of "any and all communications [sic] by and between you and Tammy Hussin pertaining to the case Horton v. Cavalry Portfolio Services, LLC, Docket No. 3:13cv-00307-JAH-WVG, between June 19, 2014 and December 15, 2015";[2] and (b) commands him to appear for a deposition on March 23, 2016. *See* Declaration of Beth E. Terrell ("Terrell Decl."), Exh. 1.

First, Mr. Horton objects to the subpoena as defective for failure to tender fees for one day's attendance at a deposition and the mileage allowed by law. Second, Mr. Horton has an attorney-client relationship with Defendants Tammy Hussin, Law Office of Tammy Hussin P.C. d/b/a Hussin Law ("Hussin"), and therefore he cannot be compelled to give testimony in this case, or to produce correspondence or other documents by and between Mr. Horton and Ms. Hussin. Third, compelling Mr. Horton to testify regarding information that is already known by the parties would create an undue burden on him. For these reasons, non-party Mr. Horton respectfully requests that the Court quash the subpoena Lemberg Law issued to him, and grant his motion for a protective order.

## II. JURISDICTION

This Court has jurisdiction to decide this motion. Pursuant to Rule 45(d)(3), "the court for the district where compliance is required must quash or modify a subpoena" under applicable circumstances. Similarly, Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." The subpoena that this motion seeks to quash requires compliance in Walnut Creek, California, which is located within the geographic boundaries of the Northern District of California. *See* Terrell Decl., Exh. 1. Further, because the subpoena requires Mr.

---

[2] Mr. Horton timely served his objection to the subpoena for documents on March 15, 2016.

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 2
CASE NO. 3:15-CV-06314-YGR

1  Horton's attendance at a deposition in this district, this Court has jurisdiction to decide the
2  motion for a protective order.

### III. FACTUAL BACKGROUND

Plaintiff Lemberg Law and Defendant Tammy Hussin entered into a business relationship in spring 2011.[3] *See* Terrell Decl., Exh. 2 at ¶ 13. At that time, Ms. Hussin was hired as a contract associate to act as California counsel for the firm. *Id.* In February 2013, Ms. Hussin filed the matter of *Horton v. Cavalry Portfolio Servs.*, No. 3:13-cv-00307 (S.D. Cal.) ("*Cavalry*") on behalf of Lemberg Law. *See* Terrell Decl., Exh. 3, Counterclaim ¶ 19. Cory Horton is the named plaintiff in *Cavalry,* a proposed TCPA class action. Terrell Decl. ¶ 2. By agreement between Lemberg Law and Ms. Hussin, Ms. Hussin was to receive 20% of the total attorneys' fees recovered in the *Cavalry* case. *See* Terrell Decl., Exh. 3, Counterclaim ¶ 27.

In approximately February 2014, Lemberg Law and Ms. Hussin parted ways, apparently no longer desiring to continue litigating cases together. *See* Terrell Decl., Exh. 2 at ¶¶ 30-31. However, Ms. Hussin agreed to continue litigating Lemberg Law's already-filed California cases, including the *Cavalry* matter. *Id.* ¶ 32. Later, in approximately June 2014, Ms. Hussin withdrew as Mr. Horton's counsel in the *Cavalry* matter. *See* Terrell Decl., Exh. 4, at 98:15-17. After her withdrawal, Lemberg Law remained counsel of record in *Cavalry*. *See* Terrell Decl., Exh. 3, Counterclaim ¶¶ 190-93. However, Ms. Hussin continued to represent Mr. Horton in a variety of other legal matters and continued to maintain a professional attorney-client relationship with him. *See* Terrell Decl., Exh. 4, 100:11-13; *see also* Declaration of Cory Horton ("Horton Decl."), ¶ 6. In December 2015, Mr. Horton retained Beth Terrell of Terrell Marshall Law Group PLLC to represent him and the proposed class in the *Cavalry* matter. Terrell Decl. ¶ 2.

---

[3] Mr. Horton's understanding of the facts of the underlying litigation is largely drawn from the complaint and counterclaims filed in that action, and from the transcript of the deposition of Tammy Hussin. *See Lemberg Law LLC v. Tammy Hussin et. al*, No. 3:15-CV-00737-MPS (D. Conn.), Dkt. Nos. 1 & 32; *see generally* Hussin Dep.

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 3
CASE NO. 3:15-CV-06314-YGR

Since Ms. Terrell became Mr. Horton's attorney in the *Cavalry* matter, Sergei Lemberg has repeatedly attempted to interfere with the lawsuit and has harassed Mr. Horton. For example, Mr. Lemberg threatened to challenge Mr. Horton's adequacy to represent the class, despite no reasonable basis for Mr. Horton's purported inadequacy. Terrell Decl. ¶ 8 & Exh. 5. Mr. Lemberg also demanded that Mr. Horton's new counsel withdraw declarations that Mr. Lemberg filed in support of Mr. Horton's motion for class certification when he was counsel for Mr. Horton, despite offering no factual support for this position. Terrell Decl. ¶ 9 & Exh. 5. When Ms. Terrell advised Mr. Lemberg that she did not see a factual basis to withdraw the declarations, Mr. Lemberg nevertheless filed an application with the court seeking withdrawal of the declarations. *Id.*; *see also* Terrell Decl., Exh. 6. Just as Mr. Lemberg failed to articulate any factual basis to Ms. Terrell, Mr. Lemberg failed to assert any factual basis for withdrawal to the court. *See id.*

Not only has Mr. Lemberg harassed Mr. Horton and his current counsel with specious positions and arguments, his firm also filed an entirely new lawsuit against Cavalry with a new named plaintiff following Mr. Horton's move to new counsel that is, in essence, the same case. *See* Terrell Decl., Exh. 7. Lemberg Law then filed a motion to intervene in *Horton v. Cavalry* or to have the newly-filed case consolidated with Mr. Horton's case. *See* Terrell Decl., Exh. 8. Coupled with the suggestion that his former client is inadequate to represent a class of similarly situated persons, Mr. Lemberg's initiation of a duplicate class action and attempt to intervene in *Cavalry* establish the vindictive nature of Mr. Lemberg in seeking to have his former client removed from *Cavalry* altogether. At a minimum, these tactics constitute harassment of the highest order.

Lemberg Law and Ms. Hussin are now engaged in litigation related to various disputes over fees and costs and to alleged inappropriate actions by both sides during and after their association together. *See* Terrell Decl., Exhs. 2 & 3. Lemberg Law deposed Ms. Hussin in that matter on January 28, 2016. *See* Terrell Decl., Exh. 4.

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 4
CASE NO. 3:15-CV-06314-YGR

On March 1, 2016, Lemberg Law served a subpoena on Mr. Horton, seeking certain communications between Mr. Horton and Ms. Hussin regarding the *Cavalry* matter and seeking to depose Mr. Horton. *See* Terrell Decl. ¶ 3 & Exh. 1. On March 15, 2016, Mr. Horton served objections to the subpoena on counsel for Lemberg Law. *See* Terrell Decl. ¶ 4. Mr. Horton now brings this motion to quash the subpoena and for a protective order.

### IV. MEET AND CONFER CERTIFICATION

Non-Party Horton engaged in a meet and confer process with Lemberg Law on March 16, 2016 by telephone. Declaration of Adrienne D. McEntee, ¶ 2. However, the parties were unable to reach an agreement about the issues presented in this motion. *Id.* Mr. Horton's counsel hereby certifies that the meet and confer requirements of Rule 26(c)(1) and Local Rule 1-5(n) have been met for this motion.

### V. STATEMENT OF THE ISSUES

1. Should the Court grant Non-Party Horton's motion to quash his subpoena?

2. Should the Court enter a protective order precluding further efforts to depose him or obtain records that could otherwise be obtained from parties to the lawsuit?

### VI. EVIDENCE RELIED UPON

Mr. Horton relies on the Declarations of Beth E. Terrell, Cory Horton, and Adrienne D. McEntee, along with the exhibits attached thereto.

### VII. AUTHORITY AND ARGUMENT

**A.   The Subpoena Should Be Quashed**

Although the scope of discovery is broad, it is not without limits. Federal Rule of Civil Procedure 45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Pursuant to Rule 45(d)(3), Mr. Horton files this motion to quash the subpoena issued to him by Lemberg Law LLC ("Lemberg Law") (a) requesting production of "any and all communicatiosn

[sic] by and between you and Tammy Hussin pertaining to the case Horton v. Cavalry Portfolio Services, LLC, Docket No. 3:13cv-00307-JAH-WVG, between June 19, 2014 and December 15, 2015"; and (b) commanding him to appear for a deposition on March 23, 2016.

1. <u>The subpoena is defective because Lemberg Law failed to tender fees.</u>

First, the subpoena should be quashed because it is defective. Rule 45(b)(1) requires that, if a subpoena requires the party's attendance, the issuing party must tender to the deponent fees for one day's attendance at a deposition and the mileage allowed by law at the time service of the subpoena is made. "The Ninth Circuit construes the fee-tender requirement rigidly: '[T]he plain meaning of Rule 45[ ] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of the subpoena,' and subsequent attempts to cure the defect are without effect." *LT Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-1216-JAD-GWF, 2014 WL 3734270, at *3 (D. Nev. July 29, 2014) (quoting *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 495 (9th Cir. 1983)).

Here, Mr. Horton was entitled to a total of $46.73 for one day's attendance and mileage of 13.2 miles to and from his home to the designated location for his deposition. *See* 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."); 28 U.S.C. § 1821(c) ("A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle."); General Services Administration, Federal Travel Regulation: GSA Bulletin FTR 16-02 (setting reimbursement rate at $0.51 per mile for 2016). However, neither Lemberg Law nor the agent hired by Lemberg Law to serve the subpoena on Mr. Horton tendered to Mr. Horton any fees whatsoever. This defect renders service of the subpoena ineffective. Further, as described below, the subpoena is unduly burdensome and oppressive on its face; Lemberg's failure to tender the required fees underscores the burden the subpoena places on Mr. Horton.

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 6
CASE NO. 3:15-CV-06314-YGR

2. <u>The subpoena requires disclosure of privileged attorney-client communications.</u>

Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter." The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). "The basis for the privilege is to afford the client a reasonable expectation of privacy and confidentiality with regard to disclosures made during the course of consultation with his attorney." *In re January 1976 Grand Jury*, 534 F.2d 719, 728 (7th Cir.1976). As a client, Mr. Horton cannot be compelled to testify regarding his communications with his attorney, Ms. Hussin, which are privileged communications that Mr. Horton reasonably believed to have been made in confidence. Nor can Mr. Horton be compelled to produce correspondence or other documents exchanged by and between Mr. Horton and Ms. Hussin. All of these documents and communications are protected by the attorney-client privilege, which Mr. Horton has not waived.[4]

Ms. Hussin had an ongoing attorney-client relationship with Mr. Horton at all relevant times and continues to have an attorney-client relationship with Mr. Horton. Though Ms. Hussin was no longer representing Mr. Horton in the *Cavalry* matter after June 2014, she continued to have an attorney-client relationship with Mr. Horton. *See* Terrell Decl., Exh. 4, at 100:11-13 ("I never withdrew from being Cory's attorney."). Mr. Horton continued to rely on her for legal advice, including legal advice related to the *Cavalry* matter, as evidenced by Ms. Hussin's deposition testimony that he sought advice regarding retaining new counsel in that matter. *Id.* at 101:17-102:2; 104:15-105:14. Mr. Horton reasonably believed that all such communications with his attorney were confidential communications made within the scope of the attorney-client relationship. Horton Decl. ¶ 7. Accordingly, Mr. Horton cannot be compelled to testify as to the

---

[4] Any disclosure of privileged communications by Ms. Hussin does not constitute a waiver of the privilege. The privilege can be waived only by the client, who is the holder of the privilege. *See, e.g., In re Von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) ("[T]he privilege belongs solely to the client and may only be waived by him.").

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 7
CASE NO. 3:15-CV-06314-YGR

confidential, privileged communications he had with Ms. Hussin, his attorney, about the *Cavalry* case, nor can he be compelled to produce documents or other communications relating to that subject matter. For these reasons, the Court should quash the subpoena.

3. <u>The subpoena is unduly burdensome on Mr. Horton as a nonparty.</u>

The Court should also quash the subpoena as unduly burdensome and oppressive in light of the fact that the requested documents and information are entirely within the possession or control of a party to the litigation. Rule 45(d)(3)(A)(iv) requires a court to quash or modify a subpoena that "subjects a person to undue burden." This duty is especially important where burdensome discovery is sought from a nonparty. *See In re NCAA Student–Athlete Name & Likeness Licensing Lit.*, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) ("Rule 45 imposes a mandatory responsibility on th[e] court to protect nonparties from unduly burdensome discovery."). Further, a court must limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. Pro. 26(b)(2)(C)(i).

Mr. Horton is not a party to this action. Tammy Hussin and her firm, Hussin Law, are parties to this action. Any communications between Ms. Hussin or her firm and Mr. Horton that are in Mr. Horton's possession or control are necessarily also within the possession or control of Ms. Hussin. Where documents sought from a nonparty are also in the possession of a party to the litigation, it is unreasonable to burden the nonparty with the production of such documents. *See Arista Records LLC v. Lime Grp. LLC*, 2011 WL 679490, at *2 (W.D. Wash. Feb. 9, 2011) (finding discovery from nonparty "duplicative" where "documents requested from [a nonparty] regarding agreements or communications with [a party] are also obtainable from [the party] directly"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Lady Liberty Transp. Co., Inc. v. Philadelphia Parking Auth.*, 2007 WL 707372, at *9 (E.D. Penn. Mar. 1, 2007) (finding third-party subpoena unduly burdensome, in part because the subpoenaing party had "not shown that they cannot obtain the same information from ... a

party in this case"); *Gray v. Town of Easton*, 2013 WL 2358599, at *3 (D. Conn. May 29, 2013) ("If the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through subpoena on a nonparty often will create an undue burden.").

Furthermore, there is simply no good reason to subject Mr. Horton to a deposition. Under Rule 26(b)(1), discovery must be "proportional to the needs of the case," including consideration of "whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, there is no significance to Mr. Horton's testimony in this case. The burden on Mr. Horton to be subjected to a deposition far outweighs any trivial value his testimony could bring to this case. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (granting motion to quash deposition subpoena because the burden of sitting for a deposition outweighed "the relatively low value of [the] testimony, ... particularly for a non-party"). In light of the tactics Mr. Lemberg has taken to impair his former client's position in the *Cavalry* matter following Mr. Horton's decision to fire Lemberg Law, a deposition would serve only to subject Mr. Horton to further harassment in retaliation for his decision to retain new counsel.

**B.   Good Cause Exists for a Protective Order**

The court has broad discretion to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." *Id.*

For the reasons discussed above, the subpoena to Mr. Horton places an undue burden on him in light of the needs of this case and seeks production of documents and testimony that are covered by the attorney-client privilege. As a result, a protective order preventing discovery of this information is necessary and appropriate to prevent further attempts by Lemberg Law to

NON PARTY CORY HORTON'S MOTION TO QUASH SUBPOENA AND MOTION
FOR PROTECTIVE ORDER - 9
CASE NO. 3:15-CV-06314-YGR

discover privileged information and force its former client (a non-party) to testify regarding the parties' expectancies from the *Cavalry* matter – a case that is currently pending with no immediate trajectory for resolution. Finally, based on Mr. Lemberg's recent attempts to interfere with the *Cavalry* matter, Mr. Horton fears continued harassment that serves no purpose other than to punish him for his decision to fire Lemberg Law and retain new counsel. A protective order is necessary to prevent Lemberg Law's continued abuse of the discovery process to harass and intimidate Mr. Horton.

## VIII. CONCLUSION

For the foregoing reasons, Mr. Horton respectfully requests that this Court grant his Motion to Quash Subpoena and for Protective Order.

RESPECTFULLY SUBMITTED AND DATED this 18th day of March, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By:   Beth E. Terrell, SBN #178181
     Beth E. Terrell, SBN #178181
     Email: bterrell@terrellmarshall.com
     Adrienne D. McEntee, *Pro Hac Vice Pending*
     Email: eamcentee@terrellmarshall.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103
     Telephone: (206) 816-6603
     Facsimile: (206) 319-5450

     Michael F. Ram, SBN #104805
     Email: mram@rocklawcal.com
     Susan Brown, SBN 287986
     Email: sbrown@rocklawcal.com
     RAM, OLSON, CEREGHINO
       & KOPCZYNSKI LLP
     101 Montgomery Street, Suite 1800
     San Francisco, California 94104
     Telephone: (415) 433-4949
     Facsimile: (415) 433-7311

*Attorneys for Attorneys for Non-Party Cory Horton*

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on March 18, 2016, I caused the foregoing to be transmitted by FedEx, prepaid and sent from Seattle, Washington, to be hand-delivered to the following:

> Ryan W. Scully
> Peter M. Nolin
> CARMODY TORRANCE SANDAK & HENNESSEY, LLP
> 707 Summer Street
> Stamford, Connecticut 06901
> Telephone: (203) 425-4200
>
> *Attorneys for Plaintiff Lemberg Law LLC*
>
> Craig S. Taschner
> POLIVY & TASCHNER
> Six Central Row, 2nd Floor
> Hartford, Connecticut 06103
> Telephone: (860) 560-1180
>
> Tammy L. Hussin
> HUSSIN LAW FIRM
> 6404 Merlin Drive
> Carlsbad, California 92011
> Telephone: (877) 677-5397
>
> *Attorneys for Defendants Tammy Hussin, Law Office of Tammy Hussin P.C. d/b/a Hussin Law*

DATED this 18th day of March, 2016.

    TERRELL MARSHALL LAW GROUP PLLC

    By: /s/ Beth E. Terrell, SBN #178181
        Beth E. Terrell, SBN #178181
        Email: bterrell@terrellmarshall.com
        936 North 34th Street, Suite 300
        Seattle, Washington 98103-8869
        Telephone: (206) 816-6603
        Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*